**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JERRY WAYNE WILLIAMS,** | § | |
| **TDCJ No. 02109722,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-20-CA-0208-JKP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Jerry Wayne William's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Answer (ECF No. 12), and Petitioner's Reply (ECF No. 28) thereto.  In his § 2254 petition, Petitioner raises six grounds for relief challenging his 2016 state court convictions for sexual assault and assault/family violence.  Having reviewed the record and pleadings submitted by both parties, however, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

## I. Procedural History

In December 2016, a Guadalupe County jury convicted Petitioner of one count of sexual assault and one count of assault/family violence, offenses that were enhanced to first-degree felonies due to Petitioner's previous felony convictions.  *State v. Williams*, No. 16-0421-CR (274th Dist. Ct., Guadalupe Cnty., Tex. Dec. 13, 2016); (ECF No. 10-7 at 54-56).  Following a

separate punishment hearing, the trial court sentenced Petitioner to life imprisonment on each count, with the sentences to run concurrently. *Id.*

The Texas Fourth Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion on direct appeal. *Williams v. State*, No. 04-17-00014-CR, 2018 WL 1610922 (Tex. App.—San Antonio, Apr. 4, 2018, pet. ref'd); (ECF No. 10-13). The Texas Court of Criminal Appeals then refused his petition for discretionary review. *Williams v. State*, No. 0422-18 (Tex. Crim. App. August 22, 2018); (ECF No. 10-1). Petitioner later filed a state habeas corpus application challenging the constitutionality of his state court convictions, but the Texas Court of Criminal Appeals eventually denied the application without written order. *Ex parte Williams*, No. 72,251-02 (Tex. Crim. App.); (ECF Nos. 10-35; 10-38 at 13-28).

Petitioner initiated the instant proceedings by filing a petition for federal habeas relief on February 10, 2020. (ECF No. 1 at 30). In the § 2254 petition, Petitioner raises several allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) his convictions violated the Double Jeopardy Clause, (2) his reindictment and subsequent conviction were the result of prosecutorial vindictiveness, (3) his due process rights were violated by the trial court's failure to orally pronounce a sentence for each individual count, (4) his trial counsel rendered ineffective assistance by failing to object to these errors, and (5) his appellate counsel rendered ineffective assistance by failing to raises these issues on direct appeal. Petitioner also raises a new, multi-faceted claim concerning his trial court's performance that Petitioner admits has not been litigated previously in the state courts.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain

federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that

there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## III. <u>Merits Analysis</u>

### A.  <u>Double Jeopardy</u> (Claim 1)

In his first allegation, Petitioner contends that his sexual assault conviction violated his rights against double jeopardy.   Prior to his December 2016 trial for sexual assault and assault/family violence, Petitioner had been indicted on one count of sexual assault in cause number 13-1177-CR and received a trial on that charge alone.  (ECF No. 12-1).  After the jury indicated they would not be able to render a verdict, the trial court granted Petitioner's motion for mistrial.  *Id*.  Petitioner was then reindicted in the instant cause number, 16-0421-CR, for both sexual assault and assault/family violence and the previous indictment was dismissed. (ECF Nos. 10-3 at 34-36, 10-6 at 1).  Petitioner contends that his reindictment and subsequent conviction on the sexual assault charge violates the Double Jeopardy Clause.

The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. Amend. V.  Historically, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense."  *Green v. United States*, 355 U.S. 184, 187 (1957).  Thus, once a defendant has been placed in jeopardy in the first instance, the Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.  *United States v. Dixon*, 509 U.S. 688, 695-96 (1993).

Here, Petitioner contends he was subjected to a second prosecution for the same offense. In this context, a defendant's double jeopardy concerns arise "only after original jeopardy attaches and terminates." *United States v. Garcia*, 567 F.3d 721, 730 (5th Cir. 2009) (citing *Richardson v. United States*, 468 U.S. 317, 325 (1984)). The Fifth Circuit has observed that there are only three possible "jeopardy terminating events" that would bar a retrial: "(1) an acquittal, (2) a trial court determination of insufficiency leading to a directed verdict of acquittal, and (3) an unreversed determination on direct appeal that there was insufficient evidence to support the conviction." *Garcia*, 567 F.3d at 730 (quoting *Vanderbilt v. Collins*, 994 F.2d 189, 195 (5th Cir. 1993)).

Petitioner argues that original jeopardy attached to the sexual assault charge when his first trial began in cause number 13-1177-CR and terminated when the State sought to dismiss the original indictment following the mistrial. In essence, Petitioner claims the State's dismissal of the first indictment after jeopardy attached was equivalent to an acquittal. But Petitioner was not acquitted in his first trial; rather, the trial ended in the declaration of a mistrial resulting from a hung jury. The Supreme Court has unequivocally held that "a trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected." *Richardson v. United States*, 468 U.S. 317, 326 (1984); *see also Yeager v. United States*, 557 U.S. 110, 118 (2009) (observing that, "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was impaneled") (citations omitted); *United States v. Jasso*, 442 F.2d 1054, 1056 (5th Cir. 1971) ("Reindictment for the same offense by a subsequent grand jury does not involve the bar of double jeopardy—it

descends only after the trial of one of the indictments has terminated in such a way that jeopardy has attached.").

Petitioner fails to show that a jeopardy terminating event occurred prior to the second trial in his case.   Accordingly, Petitioner has not demonstrated his sexual assault conviction following reindictment and a second trial violated the prohibition against successive prosecutions found in the Double Jeopardy Clause. Likewise, Petitioner fails to show that, by rejecting this claim, the state habeas corpus court's decision was contrary to or involved an unreasonable application of clearly established federal law as decided by the United States Supreme Court. Accordingly, Petitioner is not entitled to relief on this issue.

**B.    Prosecutorial Vindictiveness (Claim 2)**

Petitioner next contends that the State retaliated against him for seeking, and ultimately receiving, a mistrial at his first trial.   According to Petitioner, the State's lead prosecutor, Heather McMinn, opposed Petitioner's request for a mistrial and vindictively sought to reindict Petitioner shortly thereafter, even going so far as to add an additional charge (assault/family violence) to the new indictment.   Petitioner raised his allegations of vindictiveness in his state habeas corpus proceeding, which were ultimately denied by the Texas Court of Criminal Appeals.   As discussed below, Petitioner fails to demonstrate that the state court's adjudication was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

To prove prosecutorial vindictiveness, a defendant may (1) show actual vindictiveness by presenting objective evidence that the prosecutor's actions were designed to punish a defendant for asserting his legal rights, or (2) show sufficient facts to create a presumption of vindictiveness. *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008).   A finding of actual vindictiveness requires "direct" evidence, such as evidence of a statement by the

prosecutor.  *Id*. at 364.  Concerning the presumption of vindictiveness, courts should apply the presumption  "only where there exists a 'realistic likelihood of vindictiveness.'"  *Id*.  Such a presumption is rare and "ordinarily does not arise pretrial."  *United States v. Goodwin*, 457 U.S. 368, 382 (1982) (declining to apply presumption in a pretrial setting and stating that "[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct.").   It is Petitioner's burden to prove prosecutorial vindictiveness by a preponderance of the evidence.  *Saltzman*, 537 F.3d at 359.

Petitioner fails to demonstrate either actual or presumed vindictiveness.  His claim is premised on the fact that, after his first trial ended in a mistrial, he was reindicted for the offense of sexual assault in addition to a new charge of assault/family violence.   However, the mere reindictment of a defendant following a mistrial due to a hung jury is insufficient to show a realistic likelihood of prosecutorial vindictiveness absent evidence of actual retaliation. *See United States v. Ruppel*, 666 F.2d 261, 267 (5th Cir. 1982).  While Petitioner has presented this Court with several anecdotes[1] that he believes demonstrate Ms. McMinn's animosity toward him, none even come close to establishing that his reindictment was the result of retaliation.  As such, he fails to demonstrate that the state court's rejection of his allegation was unreasonable, making federal habeas relief unwarranted.

**C.**   **Trial Court Error (Claim 3)**

Following the closing arguments of counsel at the punishment phase of trial, the trial court made the following statement when assessing Petitioner's punishment:

---

[1]      This includes Petitioner's belief that Ms. McMinn intentionally: (1) sought a priority setting so she could prosecute the case herself before leaving office, (2) concealed information concerning the victim's previous prison sentence, (3) misled prospective jurors regarding the law during voir dire, and (4) made improper comments during closing arguments.

> Jerry Wayne Williams, you've been found guilty by the jury of two counts—both counts of the indictment, one of sexual assault and one of assault family violence.  The court finds that the enhancement paragraphs are true as alleged and assess your punishment of confinement, Institutional Division, Texas Department of Criminal Justice for a term of life.
>
> All right, sir, you can go with the bailiff. You'll serve your term.

(ECF No. 10-27 at 178).  Petitioner contends the trial court erred by failing to pronounce a separate punishment for each count of conviction.  According to Petitioner, Texas law requires a separate sentence for each offense for which a person is convicted, yet the trial court only made a general assessment of life imprisonment without specifying which count the life sentence applied to.  As discussed below, this claim does not warrant federal habeas corpus relief.

To start, Petitioner's allegation essentially faults the trial court for failing to comply with Section 3.03 of the Texas Penal Code, which states that "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced."  But even if the state trial court in fact misapplied state law, federal habeas corpus relief may only be granted to remedy violations of the Constitution and laws of the United States—not violations of state law.  28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  Because such claims are not cognizable in a federal habeas corpus proceeding, this Court must defer to the state-court determination of Texas law.  *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (stating that the Court has repeatedly held that "federal habeas corpus relief does not lie for errors of state law.") (citations omitted); *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998) (failure to follow Texas law is not reviewable).

Regardless, Petitioner has not demonstrated that the trial court erred in pronouncing the sentences.  Under Texas law, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls.  *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App.

8

1998).  However, when the oral pronouncement is merely ambiguous, "the punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity." *Johnson v. State*, No. 05-18-01230-CR, 2019 WL 6317866, at *2 (Tex. App.—Dallas Nov. 26, 2019) (citations omitted).  Even assuming the trial court's oral pronouncement was ambiguous in this case, a quick review of the record resolves any such ambiguity.  Although the trial court only mentioned a singular term of life imprisonment when assessing punishment, the court had just referenced both of Petitioner's convictions prior to pronouncing the sentence.  The written judgment also reflects that the trial court imposed concurrent life sentences for each offense.  (ECF No. 10-7 at 54-56).  Thus, when read together, the oral pronouncement and the written judgment unambiguously show the trial court imposed two concurrent life sentences on Petitioner.

Finally, Petitioner has not shown that the state habeas court's resolution of this issue was contrary to, or was an unreasonable application of, clearly established federal law as determined by the Supreme Court.  Indeed, Petitioner has made no attempt to demonstrate that a violation of his constitutional rights has occurred.  As such, federal habeas corpus relief is unwarranted.

**D.    Trial Counsel (Claim 4)**

Petitioner next claims he was denied the right to effective assistance of trial counsel when his court-appointed attorneys failed to object to constitutional violations asserted in the first three grounds for relief.  Specifically, Petitioner claims that his trial counsel failed to object to: (1) a double jeopardy violation, (2) prosecutorial vindictiveness, and (3) the trial court's failure to pronounce a separate punishment for each conviction.  Like the underlying allegations, this ineffective-assistance allegation was raised during Petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.  Petitioner fails to demonstrate the state court's

rejection of the allegation was either contrary to, or an unreasonable application of, Supreme Court precedent.

      1.    The *Strickland* Standard

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Under this prong, the "likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*,

601 F.3d 347, 351 (5th Cir. 2010).  Where, as here, the state court adjudicated the IATC claims on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d).  *See Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009).  In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S at 101.  That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*. at 105.

2.   Analysis under *Strickland*

Petitioner contends his trial counsel was ineffective for failing to object to a double-jeopardy violation, the vindictiveness of the prosecution, and the trial court's failure to assess a separate punishment for each offense.  Petitioner believes counsel should have objected to preserve these errors for appellate review.  But as discussed in previous sections, Petitioner was not subjected to a double jeopardy violation or prosecutorial vindictiveness.  *See* Sections III (A) and (B), *supra*.  Nor did the trial court err in pronouncing his sentences.  *See* Sections III (C), *supra*.  As a result, any objection made by counsel on such grounds would have been futile, and "counsel is not required to make futile motions or objections."  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *see also Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections); *Roberts v. Thaler*, 681 F.3d 597, 612 (5th Cir. 2012) ("the failure to lodge futile objections does not qualify as ineffective assistance").

Consequently, viewing this allegation under the deferential standard that applies on federal habeas review, Petitioner has not shown that the state court's rejection of this allegation was objectively unreasonable or that he is entitled to relief on his IATC claim.  Relief is denied.

## E.      Appellate Counsel (Claim 5)

In his fifth allegation, Petitioner contends he received ineffective assistance of counsel during his direct appeal proceedings.  A criminal defendant is constitutionally entitled to effective assistance of appellate counsel when he has a right to appeal under state law.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).  The familiar standard set out in *Strickland* to prove that counsel rendered unconstitutionally ineffective assistance applies equally to both trial and appellate attorneys.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013).  Thus, to obtain relief, Petitioner must demonstrate that (1) appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of Petitioner's appeal would have been different.  *See Robbins*, 528 U.S. at 285; *Higgins v. Cain*, 720 F.3d 255, 260-61 (5th Cir. 2015).  He does neither.

Petitioner contends appellate counsel was ineffective for failing to raise the double jeopardy argument, as well as the prosecutorial vindictiveness and trial court error claims, on direct appeal.  As discussed previously, however, none of these allegations have merit.  And appellate counsel is not required to raise every possible non-frivolous claim on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

12

Because none of the claims Petitioner contends should have been raised are meritorious, appellate counsel was not deficient for failing to raise them.  For the same reason, there is no likelihood Petitioner would have obtained relief had they been raised on direct appeal, and therefore no prejudice was caused by appellate counsel's failure to raise them.  Petitioner's allegation concerning appellate counsel was rejected by the state court during his state habeas proceedings, and Petitioner has not shown this rejection on the merits to be contrary to, or an unreasonable application of, the *Strickland* standard.  *Richter*, 562 U.S. at 101.  Federal habeas relief is therefore denied.

## F.      **Petitioner's Unexhausted IATC Claims (Claim 6)**

In his final allegation, Petitioner raises numerous IATC claims arguing that his trial counsel's performance violated his Sixth Amendment right to counsel.[2]  In response, Respondent contends that the IATC allegations are unexhausted and procedurally barred from federal habeas corpus relief because Petitioner did not raise them during his direct appeal or state habeas proceedings.  Respondent is correct.

### 1.      Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits.  *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner.  *Baldwin v. Reese*, 541 U.S.

---

[2]      Specifically, Petitioner faults his trial counsel for failing to: (a) object to an incorrect statement of law during voir dire or to the State's subsequent challenges for cause, (b) object to the trial court's discussion of punishment issues during voir dire, (c) adequately cross-examine the complainant, (d) consult experts or call certain witnesses, and (d) object to comments made during the State's closing argument.

13

27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In this case, Petitioner admits, and the record confirms, that the IATC allegations raised in his final claim were not properly presented to Texas Court of Criminal Appeals in either a petition for discretionary review or state habeas corpus application.  Because these allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b).

Further, should this Court now require Petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure since Petitioner already challenged his conviction in a previous state habeas application.  Because Texas would likely bar another habeas corpus application by Petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his

14

state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas relief on the unexhausted claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004). Petitioner does not attempt to show a "fundamental miscarriage of justice" will result from the Court's dismissal of the claims. Instead, citing *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner argues that the alleged ineffectiveness of his trial and state habeas counsel constitute cause and prejudice sufficient to overcome the procedural bar. The Court disagrees.

2.    The *Martinez* Exception

Prior to *Martinez*, an attorney's negligence in a postconviction proceeding could not serve as "cause" to excuse the procedural default of claims in federal court. *Coleman*, 501 U.S. at 755. In *Martinez*, the Supreme Court carved out a "narrow" exception to the procedural default of IATC claims. *Trevino v. Thaler*, 569 U.S. 422 (2013). Now, a petitioner may show cause and prejudice by showing: "(1) that his [IATC claim] is substantial—i.e., has some merit—and (2) that habeas counsel was ineffective in failing to present those claims in his first state habeas proceeding." *Garza v. Stephens*, 738 F.3d 669, 676 (5th Cir. 2013). A petitioner must establish both prongs of the *Martinez* analysis before a procedural default may be excused.

In this case, Petitioner cannot overcome the procedural default of the IATC allegations raised in Claim 6 because the underlying allegations are all insubstantial. An IATC claim is insubstantial if the claim "does not have any merit" or is "wholly without factual support." *Reed*

*v. Stephens*, 739 F.3d 753, 774 (5th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14-16). Conversely, for a claim to be "substantial," a petitioner "must demonstrate that the claim has some merit." *Id*. As shown below, Petitioner fails to make this showing under the familiar two-prong test established in *Strickland*.

       (a)    *Voir Dire*

Petitioner first argues that his counsel was deficient during voir dire because he failed to object to the State's hypothetical questions concerning the "one-witness" issue. Under this rule, a conviction can be supported with the uncorroborated testimony of just one witness who is not an accomplice so long as the jury believes that witness beyond a reasonable doubt. Petitioner contends that counsel should have objected to this questioning and to the State's subsequent challenges for cause to prospective jurors who indicated that they would require some corroboration before voting to convict.[3]

Under Texas law, a prospective juror may be challenged for cause if he indicates that he could not convict on the testimony of only one witness whom he believed beyond a reasonable doubt. *See Lee v. State,* 206 S.W.3d 620, 623 (Tex. Crim. App. 2006). Petitioner has not demonstrated that the State's failure to explain Article 38.07 to prospective jurors or the subsequent exclusion of prospective jurors who indicated they could not comply with the "one witness rule" was improper. As a result, any objection made by counsel on such grounds would have been futile, and "counsel is not required to make futile motions or objections." *Koch*, 907 F.2d at 527; *see also Miller v. Thaler*, 714 F.3d 897, 904 n.6 (5th Cir. 2013) (counsel is not required to make futile motions or objections).

---

[3]    Specifically, Petitioner argues that the State's discussion failed to mention Article 38.07 of the Texas Code of Criminal Procedure, which does require some corroborative evidence "if the competent adult complainant in a sexual assault prosecution has not informed any adult, other than the defendant, of the alleged offense within a year of its commission." *Martinez v. State*, 178 S.W.3d 806, 813 (Tex. Crim. App. 2005).

  (b)  *Trial Court's Comments*

Petitioner next faults counsel for failing to object during voir dire when the trial court discussed punishment enhancements with prospective jurors even though Petitioner had already elected to have the judge assess punishment.  According to Petitioner, this denied him a fair and impartial jury because it alerted the prospective jurors to his prior convictions.  The record does not support this position. To the contrary, it appears the trial court briefly discussed potential punishment ranges with the prospective jury in hypothetical form only and did not mention Petitioner himself or his criminal history.  (ECF No. 10-26 at 40-43).  In fact, the jury was only informed of Petitioner's previous crimes *after* they rendered a guilty verdict when Petitioner plead true to the enhancements.  (ECF No. 10-27 at 146).  Counsel therefore had no reason to object and was not ineffective for failing to do so.

  (c)  *Cross-Examination*

In his next allegation, Petitioner argues that trial counsel failed to adequately cross-examine the complainant in this case.  Specifically, Petitioner believes counsel should have: (1) questioned complainant about her opportunity to speak with Petitioner's female friend on the phone the night of the incident, (2) confronted her with a prior inconsistent statement concerning the location of her cell phone, (3) questioned complainant about her motive to falsely accuse Petitioner of rape given his previous threats to report her son's potential parole violations, and (4) impeached complainant with her prior felony conviction for possession of a controlled substance.

To start, Petitioner fails to provide any support for his assertions concerning the complainant's alleged phone conversation, inconsistent statement, and potential motive to lie, much less establish their relevance.  Such conclusory assertions of deficient performance are

insufficient to support a claim for ineffective assistance of counsel. *Woodfox v. Cain*, 609 F.3d 774, 809 n.17 (5th Cir. 2010); *Day v. Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009).  Because Petitioner fails to substantiate his allegations or demonstrate their relevance, counsel cannot be considered deficient for failing to raise them during cross-examination.  *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel." (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Furthermore, decisions regarding cross-examination are strategic and usually "will not support an ineffective assistance claim."  *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted).  Indeed, "[s]peculating about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against."  *See Castillo v. Stephens*, 640 Fed. Appx. 283, 292 (5th Cir. 2016) (unpublished) (citing *Strickland*, 466 U.S. at 689).  Here, a thorough review of the trial transcript indicates counsel provided effective cross-examination on several issues, including the complainant's credibility and her failure to fight back or leave the apartment despite the opportunity to do so throughout the evening.  Petitioner has not shown that counsel's strategic decision not to discuss the complainant's prior conviction for drug possession or Petitioner's alleged threats to report her son was unreasonable.  *See Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.").  As a result, Petitioner has not shown counsel's performance was deficient.

(d)     *Uncalled Witnesses*

Petitioner asserts that trial counsel should have called the following witnesses to testify on his behalf:  (1) a medical expert to show that the bruises around the complainant's knees occurred prior to the instant offense, (2) a DNA expert to demonstrate that Petitioner's DNA was not found on the complainant's sexual organ, and (3) Detective Pauline Castro concerning her investigation, and (4) a member of the parole board to confirm Petitioner's defense that he had reported the complainant's son to the parole board the day before the incident.

A petitioner's unsupported claims regarding uncalled witnesses "are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).  To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense.  *Day*, 566 F.3d at 538.  Petitioner has not established that any of his proposed witnesses were available and willing to testify, much less that their proposed testimony would have been favorable to his defense.  Accordingly, this claim is conclusory and meritless.

(e)     *Closing Arguments*

Lastly, Petitioner contends that trial counsel failed to object during the State's closing argument when the prosecution referred to him as a "coward," an "animal," and a "monster." The relevant portion of the State's closing argument is as follows:

> And I tell you what, as a prosecutor, it feels like we're walking like them back through the  darkness.  Like we are perpetrating on victims each time we have to discuss it with them because we have to walk them through the worst night of their life.  And we get to do it in front of a jury and we get to do it in front of the **animal** that viciously attacked her.

\* \* \*

> And each of you will have the opportunity to help her.  To help her get justice.
> To help her put this behind her and to protect other women from **monsters** like
> this, **cowards** that beat up on women and have their way with their bodies . . .

(ECF No. 10-27 at 141, 143) (emphasis added).

Under Texas law, the Texas Court of Criminal Appeals has repeatedly held that the following areas are proper for argument: (1) summary of the evidence, (2) reasonable deductions from the evidence, (3) responses to opposing counsel's argument, and (4) pleas for law enforcement.  *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990); *see also Buxton v. Collins*, 925 F.2d 816, 825 (5th Cir. 1991) (recognizing these four areas as acceptable under Texas law).  A prosecutor's comments on what he or she believes the evidence shows is not prosecutorial misconduct.  *See Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).  Indeed, a petitioner's trial is rendered fundamentally unfair only if, in the context of the entire trial, the remarks by the prosecutor were "crucial, critical, highly significant" factors.  *Id*. at 411.

Petitioner does not make this showing.  The record indicates that the prosecution mentioned the words "animal," "monster," and "coward" only once during closing arguments.  It does not appear that these words, which seem to arise in the context of a plea for law enforcement, were "highly significant" factors that deprived Petitioner of a fair and impartial trial, particularly given the general accusations of sexual assault levied against him throughout the trial.  In other words, Petitioner has not met his burden and shown that the evidence against him was so insubstantial that, but for the prosecutor's remarks, he would not have been convicted.  *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002).  Thus, any objection by counsel would likely have been futile.  *See Roberts*, 681 F.3d at 612 ("the failure to lodge futile objections does not qualify as ineffective assistance").

(f)     *Lack of Prejudice*

As discussed above, Petitioner's allegations of deficient performance are conclusory and unsupported by the record.  But even if Petitioner could establish that counsel's performance in this case constituted deficient performance, he still fails to demonstrate that the alleged errors were prejudicial to his defense.  Again, to demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "[A] court assessing prejudice must consider the totality of the evidence before the judge or jury."  *Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 696) (internal quotation marks omitted).

Petitioner has not established that the alleged errors were prejudicial because, as the record demonstrates, the State's case was strong and there was substantial corroborated evidence against Petitioner.  *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008) (same).  In addition to testimony of the complainant herself, this evidence included the corroborating testimony of (1) Jimmy Limmer, a deputy with the Guadalupe County Sheriff's Department who responded to the complainant's 911 call, (2) Noella Hill, the sexual assault nurse examiner who conducted a forensic exam of the complainant, and (3) three members of the Bass family, the complainant's neighbors whose apartment the complainant fled to immediately after the assault.

Given the overwhelming nature of the evidence against Petitioner, there is simply no reasonable probability that the jury would have voted to acquit Petitioner had counsel not committed the errors Petitioner now accuses him of making.  Consequently, Petitioner's IATC

claims are insubstantial and do not help him establish cause and prejudice under *Martinez* that would excuse the claims from being procedurally defaulted.  Relief is therefore denied.

## IV.  <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings;  *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief.  As such, a COA will not issue.

## V.  <u>Conclusion and Order</u>

Petitioner has failed to establish that the state court's rejection of his first five claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial, appellate, and habeas corpus proceedings. Further, Petitioner's sixth allegation is procedurally barred from federal habeas review and Petitioner fails to establish cause to excuse the procedural bar pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.     Federal habeas corpus relief is **DENIED** and Petitioner Jerry Wayne William's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2.     No Certificate of Appealability shall issue in this case; and

3.     All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 11th day of July, 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

23